United States Court of Appeals

For the First Circuit

No. 02-1669

Plaintiff, Appellant,

Movants, Appellants,

v.

Defendants, Appellees.

ERRATA SHEET

The opinion of this Court issued on January 21, 2003 is amended as follows:

Replace the paragraph beginning on page 20, line 24 and ending on page 21, line 15 with the following: 

If events have transpired to render a court opinion merely advisory, Article III considerations require dismissal of the case. 
See
County of Los Angeles
 v. 
Davis
, 440 U.S. 625, 631 (1979). The doctrine of mootness enforces the mandate "that an actual controversy must be extant at all stages of the review, not merely at the time the complaint is filed." 
Steffel
, 415 U.S. at 460 n.10. Thus, mootness can be viewed "as 'the doctrine of standing set in a time frame.'" 
United States Parole Comm'n
 v. 
Geraghty
, 445 U.S. 388, 397 (1980) (quoting H.P. Monaghan, 
Constitutional Adjudication: The Who and When
, 82 Yale L.J. 1363, 1384 (1973)). The Supreme Court has qualified this description and made clear that standing and mootness are not completely analogous doctrines: "there are circumstances in which the prospect that a defendant will engage in (or resume) harmful conduct may be too speculative to support standing, but not too speculative to overcome mootness." 
Friends of the Earth, Inc.
 v. 
Laidlaw Envtl. Servs. (TOC), Inc.
, 528 U.S. 167, 190 (2000). This is because the burden of establishing mootness rests squarely on the party raising it, and "[t]he burden is a heavy one." 
United States
W.T. Grant Co.
, 345 U.S. 629, 633 (1953). It must be "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." 
United States
Concentrated Phosphate Export Ass'n
, 393 U.S. 199, 203 (1968). We exercise de novo review when determining whether a case is moot. 
Verhoeven
 v. 
Brunswick Sch. Comm.
, 207 F.3d 1, 5 (1st Cir. 1999).